

**United States District Court**
**Northern District of Alabama**
**Western Division**

| | |
|---|---|
| In re the Matter of Jamal Wilson ] | |
| (Stephanie Wilson on Behalf of and ] | |
| as Mother and Next Friend of Jamal ] | |
| Wilson, a minor), ] | |
| ] | CV-02-N-2611-W |
| Plaintiff(s), ] | |
| ] | |
| vs. ] | |
| ] | |
| The State of Alabama Department ] | |
| of Education and Tuscaloosa ] | **ENTERED** |
| County Board of Education, and Dr. ] | |
| Lex Smith, ] | FEB 1 8 2003 |
| ] | |
| Defendant(s). ] | |

**Memorandum of Opinion**

### I.    Introduction.

The court has for consideration Defendant Alabama State Department of Education's ("SEA") motion to dismiss, filed December 3, 2002 (Doc. #11). The defendant asks the court to dismiss all of Plaintiff Jamal Wilson's ("Wilson") claims which include claims brought under the "Child Find" provisions of C.F.R. § 300.125, the due process requirements of C.F.R. § 300.507, and the hearing requirements of the Rehabilitation Act of 1973 (as amended), 29 U.S.C. § 794. The issues have been briefed by both parties and are now ripe for decision. Upon due consideration, the motion will be denied.

### II.    Standard.

A Rule 12(b)(6) motion tests the legal sufficiency of the Complaint. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). The court may dismiss a



complaint under that rule only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of ruling on a 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations of the complaint. Moreover, it views them in a light most favorable to the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Burch v. Apalachee Community Mental Health Servs.*, 840 F.2d 797, 798 (11th Cir. 1988) (en banc).

### III. Allegations of the Complaint.

This suit is brought on behalf of the plaintiff, Jamal Wilson by his mother, Stephanie Wilson. The plaintiff is sixteen years old and has been diagnosed with and suffers from Attention Deficit Hyper-Activity Disorder ("ADHD") combined type and child onset conduct disorder. (Complaint ¶ 7). He has been treated for these disabilities since he was seven years old. (*Id.* at ¶ 8). Through July 2001, Plaintiff attended school in the Tuscaloosa City School System. (*Id.* at ¶ 9).

On September 24, 1995, the Tuscaloosa City School System determined that the plaintiff was eligible for services under Section 504 (29 U.S.C. § 794), and implemented a 504 education plan for him. (*Id.* at ¶ 10). Plaintiff entered the seventh grade in the Tuscaloosa City School System for the first time during the 1999-2000 school year. He failed the seventh grade that year and the next year. He then transferred to Holt High School in the Tuscaloosa County School System. Upon transfer, Wilson was placed in regular education rather than special education and his Section 504 services remained unaddressed. (*Id.* at ¶¶ 24-29). He immediately began to suffer from failing grades and behavioral problems.

After a series of behavioral and academic problems the director of the Tuscaloosa County Board of Education ("LEA")[1] changed Plaintiff's placement from regular education to the Tuscaloosa Alternative School on October 15, 2001. (*Id.* at ¶ 39). After placing the plaintiff in the alternative environment, the LEA ran a battery of the Test of Adult Basic Education ("TABE") to determine his level of performance in various academic areas. Despite low scores, the LEA still did not refer him for special education services. (*Id.* at ¶¶ 43, 44). On November 21, 2001 the LEA referred the plaintiff for evaluation for special education services. On January 31, 2002, the LEA conducted an Individualized Education Plan ("IEP") Team meeting and determined that the plaintiff was not eligible for services under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* The determination was made without obtaining any of his disciplinary or special education records from the Tuscaloosa City School System and the decision was based on standardized test scores which indicated he was borderline mentally retarded. (Complaint ¶ ¶ 53, 55).

On April 8, 2002, the plaintiff filed a request for due process with the SEA and the Honorable John Green, III, presided over the hearing. Prior to the hearing, however, the LEA referred the plaintiff to a psychologist to conduct evaluations for his eligibility for special education. Based on this referral, Judge Green declined to rule on the issue of eligibility at the hearing held on July 26, 2002. (*Id.* at ¶ 67). The plaintiff received the decision on August 26, 2002. On September 23, 2002, the plaintiff filed her motion to amend

---

[1] The court notes that although it is uncertain why the letters "LEA" represent the Tuscaloosa County Board of Education, these are the letters used in the plaintiff's complaint. (Doc. #1).

the decision of the hearing officer and her "Notice of Intent to File Civil Action." The plaintiff filed this action on October 23, 2002.

## IV. Discussion.

### A. Child Find Claims.

Count I of the complaint alleges that the state violated the "Child Find" requirements codified in C.F.R. § 300.125 when it failed to establish a suitable policy to ensure continuity when a child who has requested evaluation of his eligibility for services is transferred from one locality to another. Further, the plaintiff claims that pursuant to C.F.R. § 300.507, he is entitled to a full, fair and impartial hearing and that the SEA should have been made a party to the due process hearing. The court will address each claim in turn.

#### 1. Adequacy of Policies.

The plaintiff argues that the SEA lacked a sufficient policy to ensure continuity when a child who has requested evaluation or is eligible for services under the requirement transfers from one local education center to another. Under C.F.R. § 300.125 the state is required to have policies and procedures in place to ensure that all children with disabilities receive special education and related services. *See also* 34 C.F.R. 104.32. Moreover, there must be an adequate policy to ensure the timely transfer of special education records. *Alabama Administrative Code*, § 290-8-9.08(2)(e)(1) ("[u]pon request from the parents or from the education agency where the child with a disability has enrolled or intends to enroll, an education agency must transfer a copy of all special education records no later than thirty days from receipt of the request.").

The state contends that its Child Find Policy is adequate because it contains procedures which were reviewed and approved by the Office of Special Education Programs (OSEP) and that the plaintiff's claim is too ambiguous. (Doc. #13)[2]. The court finds that the OSEP's approval does not insulate the state from all legal action. Moreover the court is not persuaded by the plaintiff's lack of supporting caselaw. The federal regulations state that a policy must be in place to ensure compliance with federal regulations and guidelines. 34 C.F.R. § 300.125. The allegations as set forth in the complaint provide that those policies were not followed. At this stage in the litigation process the court finds that it is not "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the defendant's motion to dismiss is denied on this count.

### 2. Due Process Claims.

Plaintiff contends that under C.F.R. § 300.507 a parent has the right to seek a due process hearing for violations of the "Child Find Requirements." Following this logic, Plaintiff posits that inherent in the right to a hearing is the right to have the state joined as a party. The state has acknowledged it could be made a party to such a hearing (Doc. #16). Instead, it asks the court to grant its Motion to Dismiss on grounds that it would be infeasible and impractical for the state to be joined in each and every due process hearing. The court finds that the SEA's claims that it would be imprudent to allow the case to

---

[2] The court notes that in the plaintiff's Motion in Opposition to the Alabama Department of Education's Motion to Dismiss, the plaintiff indicated that pursuant to a telephone conversation with defendant's counsel on December 11, 2002, defendant's counsel advised the plaintiff that the defendant was withdrawing its claim of entitlement to 11th Amendment Immunity and further authorised the plaintiff's counsel to advise the court of its decision. (Doc. # 14). The court will not address the issue of 11th Amendment immunity.

proceed as insufficient grounds to deny it at this stage. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1997).

**B.    Denial of a Right to Hearing and Section 504 Services.**

The plaintiff contends that the SEA failed to meet its obligations to ensure that the LEA provided a proper 504 hearing. Under Section 504 of the Rehabilitation Act of 1973 (as amended), 29 U.S.C. 794, any program or activity receiving federal financial assistance is required to afford a plaintiff who has a disability procedural safeguards and a fair and impartial hearing regarding his right to services particular to that program. The federal regulations further explain the requirements of this statutory provision as they apply to special education and instruct a "recipient" to establish and implement procedural safeguards regarding special education services which includes the right to an impartial hearing. *See* 34 C.F.R. § 104-36. The regulations define the term "recipient" broadly to include "any state or its political subdivision, any instrumentality of a state or its political subdivision . . ." 34 C.F.R. § 104.3(f).

Defendant contends that it has no obligation under this statutory provision because it applies *exclusively* to local school districts.[3] Conversely, the plaintiff argues that the state is primarily responsible for overseeing special education and is therefore responsible for making certain federal education requirements are followed. *Cf. Mobile Ala.-Pensacola, Fla. Bldg. & C.T.C. v. Williams,* 331 So. 2d 647, 649 (Ala. 1976) (indicating that the Alabama

---

[3] The defendant has also included the affidavit of Emily Graham to support its position. The court directs the defendant's attention to rule 12(b) of the Federal Rules Civil Procedure which instructs the court solely to consider the allegations listed in the Complaint. If a party includes other material, then the motion becomes one for summary judgment. The court therefore will address only the material contained in the complaint and will examine additional material in later proceedings if the situation so requires.

Constitution placed the primary responsibility for providing education on the state government); *see also Freeman v. Cavazos*, 939 F.2d 1527, 1529 (11th Cir. 1991) (explaining the Congressional structure and the proposed interrelationship between the federal, state, and local governments in providing services); *Irving Independent Sch. Dist. v. Tatro*, 468 U.S. 883, 889 (1984) (same). Given the broad definition of recipient listed in the federal regulations, the court finds it plausible that the state could have such supervisory responsibilities and cannot find that there is no set of facts which would entitle the plaintiff to relief. *Hishon v. Spaulding*, 467 U.S. 69, 73 (1984). Accordingly, the court will deny the defendant's Motion to Dismiss.

**V.  Conclusion.**

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 18th of February, 2003.

_____
Edwin Nelson
United States District Judge